**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 19, 2021**

# In the Court of Appeals of Georgia

A21A1696. SPEARS v. THE STATE.

MCFADDEN, Presiding Judge.

Janorris Spears was convicted of multiple crimes and filed this direct appeal from the denial of his motion for new trial. Spears has now moved to remand the case to the trial court in light of our Supreme Court's recent decision in *Seals v. State*, __ Ga. __ (2021 Ga. LEXIS 449 *) (Case No. S20G0931, decided June 18, 2021). The trial court had dead-docketed three counts of Spears's indictment. Consequently under *Seals*, Spears had been required to follow the interlocutory appeal procedure of OCGA § 5-6-34 (b) because his case is not final. So we cannot grant his motion to remand (which is moot) and must dismiss. We note that, upon remittitur, the case will return to the trial court, and Spears will then have an opportunity to secure a final

disposition at that level and the right to initiate a new appeal if he wishes to challenge that final disposition.

After a nine-day trial, a jury found Spears guilty of criminal attempt to commit armed robbery, armed robbery, false imprisonment, aggravated assault, and conspiracy to commit armed robbery. It found him not guilty of malice murder, one count of felony murder, and two weapons charges. The jury was unable to reach a verdict on two counts of felony murder and one count of aggravated assault with a deadly weapon, and the trial court placed those counts on the dead docket. The trial court entered a judgment of conviction on the verdict, sentencing Spears to serve 30 years of incarceration.

After the trial court denied Spears's motion for new trial, he filed this direct appeal. We, however, lack jurisdiction.

This case is controlled by our Supreme Court's recent decision in *Seals*, __ Ga. at __ (2021 Ga. LEXIS 449 *), in which the court held that when a count of the indictment is dead-docketed, the case remains pending below, so the provisions of OCGA § 5-6-34 (a) (1) allowing a direct appeal from a final judgment do not apply. Rather, to pursue an appeal, the defendant must follow the procedures for an interlocutory appeal, including obtaining a certificate of immediate review from the

2

trial court and filing an application with the appellate court. See OCGA § 5-6-34 (b); *Seals* at __ (2021 Ga. LEXIS 449, at *1-2). Because Spears's case is pending below yet he failed to follow the interlocutory appeal procedures, we must dismiss his appeal. See *Seals* at __ (2021 Ga. LEXIS 449, at *2); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). We deny as moot Spears's motion to remand.

We share our Supreme Court's concerns about the practical consequences of *Seals* and join that Court's invitation to the General Assembly to consider "whether to amend OCGA § 5-6-34 (a) to allow for immediate appeals in cases where the only non-resolved counts are dead-docketed." *Seals* at __ (4) (2021 Ga. LEXIS 449, at *21) (footnote omitted). In the interim, we encourage our trial courts, in cases like this one, to grant certificates of immediate review under OCGA § 5-6-34 (b).

*Appeal dismissed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur*.